UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| DAVID GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 23-cv-1060 |
| | ) | |
| J SMITH, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff, proceeding pro se, alleges Defendants violated his constitutional rights. Several matters are before the Court.

A. <u>Motion for Preliminary Injunction and Temporary Restraining Order</u>

Plaintiff seeks injunctive relief based on events that occurred at Centralia Correctional Center from April to June of this year. Plaintiff alleges he has received inadequate response to his sick call requests related to a skin rash, stiff joints, confusion, renewal of his inhaler, pain medications, and chest congestion. Plaintiff complains about being assigned to cell with "difficult" inmate Bruhnsen, who was sick with a coughing illness that Plaintiff then caught.

Plaintiff seeks immediate parole, and if not, seeks to keep his prison job, seeks to have single-cell status if his current cellmate is moved out of his cell, and seeks not to be held liable for actions of his cellmate.

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of

persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997); *accord Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right"). To prevail, "the moving party must demonstrate: (1) a likelihood of success on the merits; (2) a lack of an adequate remedy at law; and (3) an irreparable harm will result if the injunction is not granted." *Foodcomm Int'l v Barry*, 328 F.3d 300, 303 (7th Cir. 2003) (citations omitted). If the moving party meets the first three requirements, then the district court balances the relative harms that could be caused to either party. *Incredible Tech., Inc. v. Virtual Tech., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005).

The Prisoner Litigation Reform Act (PLRA) further limits the scope of the Court's authority to enter an injunction in the corrections context. *Westefer v. Neal,* 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer,* 682 F.3d at 683 (the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage." (quotation marks and citation omitted)).

Here, Plaintiff's allegations relate to his imprisonment at Centralia Correctional Center. As discussed below, any federal lawsuit related to those allegations must be brought in a separate lawsuit in the Southern District of Illinois.

Addressing the substance of Plaintiff's complaints, Plaintiff must show deliberate indifference to a serious medical need to establish a likelihood of success on the merits of his allegations. A medical professional acts with deliberate indifference only if the evidence shows that "no minimally competent professional would have so responded under those circumstances." *Sain v. Wood*, 512 F.3d 886, 894-95 (7th Cir. 2008). Or, stated differently, when the decision constitutes "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Petties v. Carter*, 836 F.3d 722, 729 (7th Cir. 2016) (en banc).

Plaintiff has not provided any medical records to establish the medical care he is currently receiving or to substantiate his claims. At best, Plaintiff's allegations permit a reasonable inference that he disagrees with the course of treatment medical staff at Centralia have offered, that those persons chose a course of treatment different from that previously provided, or that Plaintiff desired alternative or additional treatment, none of which are sufficient to show a constitutional violation. *Petties*, 836 F.3d at 729 ("Evidence that *some* medical professionals would have chosen a different course of treatment is insufficient to make out a constitutional claim.") (emphasis in original); *Harper v. Santos*, 847 F.3d 923, 928 (7th Cir. 2017) (prisoner is not entitled to dictate medical treatment); *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (disagreement with course of treatment not sufficient to show constitutional violation). The Court finds that Plaintiff has not shown a reasonable likelihood of success on the merits.

The Court cannot order Plaintiff released on parole through this lawsuit. *See Preiser*, 411 U.S. at 499.

The Court also finds that the relief Plaintiff requests specific to the Court dictating his celling assignments, single cell status, immunity from discipline, and specific medical interventions, to run counter to the requirements of the Prison Litigation Reform Act. *See Rasho v. Jeffreys*, 22 F.4th 703, 712-13 (7th Cir. 2022) (injunction that defined how prison officials should address a particular problem violated the PLRA's least-intrusive-means requirement).

The Court, however, is not insensitive to Plaintiff's complaints. To ensure that prison officials are aware of his complaints and to mitigate any issues concerning Plaintiff's access to medical treatment, the Court will direct the Clerk to forward a copy of this Order to Centralia's warden.

B. <u>Motion to Request Counsel</u>

The Court undertakes an initial two-part inquiry: (1) whether the plaintiff made a reasonable attempt to obtain counsel or has been effectively precluded from doing so, and, if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir 2007).

In analyzing the second step, a court must consider the factual and legal difficulty of a plaintiff's claims, and the plaintiff's competence to litigate them, while accounting for the plaintiff's literacy, communication skills, educational level, and litigation experience, plus the plaintiff's intellectual capacity and psychological history

if information on those topics is before the court. *Watts v. Kidman*, 42 F.4th 755, 760 (7th Cir. 2022).

Plaintiff's pleadings are clearly written, and demonstrate a sound grasp of the facts of his experiences and of the claims he wishes to pursue. Plaintiff identifies certain difficulties he faces, including mental health issues. However, at this early stage of the case, and given the general understandability of Plaintiff's pleadings, Plaintiff's Motion to Request Counsel (Doc. 4) is DENIED with leave to renew if he files an amended complaint consistent with this Order.

C. <u>Merit Review Order</u>

The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff's sprawling 123-page Amended Complaint seeks to sue 29 defendants regarding events occurring from 2018 through 2023, at Pontiac Correctional Center and at Centralia Correctional Center.

Plaintiff's Amended Complaint will be dismissed with leave to replead, subject to the following.

**Joinder.** "A prisoner may join Defendants in the same action only if the claims against each one 'aris[e] out of the same transaction, occurrence, or series of transactions or occurrences ...." *Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018) (quoting Fed. R. Civ. P. 20(a)(2)). "Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). "To be precise: a plaintiff may put in one complaint every claim of any kind against a single defendant, per Rule 18(a), but a complaint may present claim #1 against Defendant A, and claim #2 against Defendant B, only if both claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences.'" *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (quoting Rule 20(a)(1)(A)).

"[D]istrict courts should not allow inmates to flout the rules for joining claims and Defendants, see Fed. R. Civ. P. 18, 20, or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017).

The Seventh Circuit "target[s] for dismissal 'omnibus' complaints—often brought by repeat players—that raise claims about unrelated conduct against unrelated Defendants." *Mitchell*, 895 F.3d at 503. However, "judges may sever unrelated claims into separate suits (rather than dismiss the claims) if the statute of limitations has otherwise lapsed." *Morris v. Kulhan*, 745 F. App'x 648, 649 (7th Cir. 2018).

**Doe defendants.** Plaintiff has not appropriately identified several of the Defendants, merely listing numerous Jane or John Does. Plaintiff may sue Doe defendants if he does not know an individual's name, but he must also provide some identifying information. For instance, the job title, the hours worked, specific contacts with Plaintiff including the day and time of the interaction, and physical descriptions of the individual. Plaintiff has included some of this information as to some Doe Defendants, but if he seeks to replead he must provide some identifying information regarding each Doe Defendant.

**Duplicate allegations.** Plaintiff is pursuing two other actions in this District as of today: *Garcia v. Durbin et al.*, CD IL Case No. 22-1283-JES, and *Garcia v. Jeffreys et al.*, CD IL Case No. 23-1187-SLD. All three lawsuits appear to contain overlapping claims and Defendants as well as distinct claims and Defendants. A merit review order has been entered in Case No. 22-1283, defining the claims proceeding in that action. Consistent with the joinder rules discussed above, Plaintiff should not duplicate claims between cases. Further, to the extent a judge has ruled that a set of allegations do not state a claim for relief, those allegations should not be repleaded again here. The proper way to challenge such a ruling is through an appeal following the conclusion of the lawsuit where rulings on the viability of those claims was made.

**Claims from Centralia.** Plaintiff should exclude allegations related to occurrences in Centralia unless such claims can be asserted consistent with the joinder rules discussed above. Centralia Defendants are highly unlikely to be properly joined with Pontiac Defendants and if Plaintiff seeks to join any such Defendants, he must

plainly state how doing so would comply with joinder rules. Any federal lawsuit based on occurrences in Centralia would be properly brought in the United States District Court Southern District of Illinois as Centralia is in that District, not this one.

**Release from custody.** Plaintiff's pleadings, at times, ask for his release from prison. E.g., (Doc. 15). Plaintiff cannot seek his release from custody in a § 1983 lawsuit. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) ("when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Plaintiff cannot seek his release from custody in this lawsuit and should refrain from filing pleadings seeking that relief.

Plaintiff's Amended Complaint is DISMISSED with leave to replead.

**IT IS THEREFORE ORDERED:**

1. Motion for Preliminary Injunction and Temporary Restraining Order [16] is DENIED. Clerk to mail a copy of this Order to the Warden at Centralia Correctional Center.

2. Motion to Request Counsel [4] is DENIED.

3. Plaintiff's Motion for Leave to Amend [14] is GRANTED.

4. Plaintiff's Motion for Status [12] is MOOT.

5. Plaintiff's Motion for Extension of Time [17] which seeks an unspecified 5-week extension within which to "deal with" this case and Case No. 23-1283 is DENIED.

6. Pursuant to its merit review of the Amended Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff has failed to state a claim for relief. Plaintiff's Amended Complaint is DISMISSED without prejudice.

7.  **The Court will allow Plaintiff an opportunity to file a Second Amended Complaint clarifying his claims, within 30 days of this Order. Failure to file a Second Amended Complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff's Second Amended Complaint will replace Plaintiff's Amended Complaint in its entirety. The Second Amended Complaint must comply with the pleading standards discussed in this Order or it will be dismissed.**

Entered this 5th day of September, 2023.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE
